WILLIAM H. BURNS *et al. vs.* CARL J. CARLSON *et al.*

Argued April 11, 1893.  Decided April 25, 1893.

**Mechanic's Lien, How Waived.**

The statutory right of a mechanic or material man to enforce a lien upon real property may be released and waived by an instrument in writing, supported by a money consideration therein expressed, the money being paid by third parties, who had acquired property rights in the premises, although a sum less than the amount due was actually paid.

**The Right to File a Lien is not an Estate or Interest in Land.**

Such right is not an estate or interest in land which cannot be surrendered or released except in the manner provided in 1878 G. S. ch. 41, § 10.

Appeal by plaintiffs, William H. Burns and Willis R. Shaw, from a judgment of the District Court of Ramsey County, *William Louis Kelly,* J., entered March 22, 1892.

This action was against Carl J. Carlson, George R. Fling and the Connecticut Mutual Life Insurance Company, defendants, to foreclose a lien for $172.99, balance due for lumber sold Carlson in September, 1890, and used in constructing a house on lot twenty-five (25) in block one (1) of Bryant's Addition to St. Paul. Their total bill was $622.99. On October 1, 1890, Carlson borrowed of the Insurance Company $3,100, to be repaid in five years, with six per cent. interest, payable semiannually.   He mortgaged the property as security, and the money was, by mutual agreement, left with James Schoonmaker to pay parties, who claimed liens, and the balance to Carlson.   On October 17, 1890, Schoonmaker paid to Donat Authier, plaintiffs' agent, $450, and in consideration thereof he gave a receipt for the money in the firm name of the plaintiffs, as follows:

"ST. PAUL, Oct. 17, 1890.

"Received of James Schoonmaker, four hundred and fifty dollars; in consideration of which sum we hereby release and waive all our lien and right of lien, on and against, lot twenty-five in block one of Bryant's Addition to St. Paul, and the buildings thereon, for material furnished in the erection of a certain dwelling house upon said lot.              BURNS & SHAW, Per D. AUTHIER."

On October 29, 1890, Carlson sold and conveyed the property to Fling, subject to the mortgage. The plaintiffs on December 6, 1890, filed a statement and claim for a lien for the balance of their bill and brought this action to foreclose it. The issues were tried January 27, 1892. The court found as one of its conclusions of law that the plaintiffs had waived their right, and were not entitled to a lien on the property. Judgment was so entered, and plaintiffs appeal.

*Howard L. Smith,* for appellants.

*Williams & Schoonmaker,* for respondents.

COLLINS, J. It is undisputed that on October 17, 1890, the plaintiffs, as material men, were entitled to a lien on the premises described in the complaint, in an amount exceeding $600. The legal title to the property was then in defendant Carlson, to whom plaintiffs had sold the material, but he had in the month of July contracted to sell and convey the same to defendant Fling. It was actually conveyed to the latter October 29, 1890; he assuming a mortgage on the same, executed and delivered by Carlson to the defendant insurance company. A part of the money raised and received by means of this mortgage had been placed in the hands of an attorney to be used in behalf of defendants Fling and mortgagee insurance company in paying off and discharging any lien claims against the property arising by reason of labor performed or materials furnished by plaintiffs and others when erecting a dwelling thereon. Carlson had informed the attorney that the total amount of plaintiffs' claim for materials was $450, and the latter, according to the findings, had acquiesced in the statement. Thereupon, October 17th, the attorney paid to plaintiffs' authorized agent said sum of $450, taking a receipt in which the plaintiffs' lien and right of lien upon the premises for all materials furnished by them was expressly released and waived, and the release and waiver were required by the attorney as a condition precedent to such payment.

1. The appellants' claim that the receipt or instrument whereby the lien was released and waived cannot have that effect, because the plaintiffs' lien or lien right was an interest in land, which could not be surrendered except in the manner provided in 1878 G. S. ch. 41, § 10, is singularly without merit. The assertion that the stat-

utory right of a mechanic or a material man to enforce a lien is not an estate or interest in the land on which the work of one or the materials of the other may have been performed or furnished need not be supported by argument or illustration. Like other lien rights, it may be lost or abandoned or discharged. The release and waiver now being considered was in writing; it was supported by a money consideration therein expressed,—the money being paid by third parties, who had acquired property rights in the premises; and no good reason exists why the plaintiffs should not abide by it, if their agent, Authier, was authorized to sign the same, or if they have ratified his action.

2. The trial court found that Authier had such authority, and from an examination of the evidence we do not hesitate in saying that the finding was warranted. It is evident, if the testimony of the attorney is to be relied on, that when he accepted the release and waiver, and paid the money, by his own check upon a bank, he had reason to believe, from statements made a day or two before by one of the plaintiffs, that the agent was empowered to release and waive the lien claim; and there were other circumstances, appearing in the evidence, tending to justify the conclusion of the trial court. Again, the agent promptly informed his principals that he had signed and delivered the release and waiver in order to obtain the money from the attorney, and no objection was made, or repudiation attempted.

3. Counsel insists that the court erred when permitting defendant Fling to testify that he had a contract for the purchase of the property, this contract being in writing. If this contract was of any importance, the objection urged by counsel may be disposed of by saying that the whole matter seems to have been dropped when counsel stated that he objected to oral testimony respecting the contract.

Judgment affirmed.

VANDERBURGH, J., took no part.

(Opinion published 54 N. W. Rep. 1055.)