GEORGE E. WILLIAMSON *vs.* HENRY E. SELDEN.

Submitted on briefs .April 10, 1893.   Decided April 25, 1893.

**Parties to Actions by Receivers.**

The insolvent is not a necessary party defendant to an action instituted by an assignee or receiver under the provisions of Laws 1881, ch. 148, § 4, to annul and avoid a conveyance of real property alleged to have been a fraudulent and forbidden preference of a creditor.

Appeal by defendant, Henry E. Selden, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made October 6, 1892, overruling his demurrer to the complaint.

The plaintiff, George E. Williamson, was on June 7, 1891, appointed under Laws 1881, ch. 148, § 2, receiver of the property and estate of Philo L. Hatch, insolvent.   On March 9, 1891, Hatch owned lots one (1), two (2) and three (3) in block fourteen (14) in Wells, Sampson & Bell's Addition to Minneapolis, alleged to be of the value of $100,000, but incumbered $40,000.   On March 4, 1891, he and his wife, Eleanor W. Hatch, gave a power of attorney to their son Raymond W. Hatch, authorizing him to sell and convey the property.   On the same day they removed from this State.   On March 9, 1891, the attorney, under this power conveyed the property to the Home Savings and Loan Association, for $80,000, and it assumed and agreed to pay the mortgage as a part of the purchase price.   In further part payment the said Association caused one Angeline N. Sprague and husband to convey by warranty deed to Luella H. Terry, the daughter of the insolvent, certain real estate in Minneapolis which it in fact owned, but the title to which was then in the name of Mrs. Sprague.   The insolvent owed divers unsecured debts to different persons, aggregating over $75,000. Among these unsecured creditors was the defendant Henry E. Selden.   To him the insolvent owed $8,000, which he was unable to pay.   On June 23, 1891, Luella H. Terry and husband, at the request of her father, the insolvent, conveyed to Selden the property so deeded to her by Mrs. Sprague, and he accepted it in payment of his claim against the insolvent.   This was done with intent to give him a preference over other creditors.   Subsequently on Sep-

tember 17, 1891, Selden and wife conveyed this property without consideration to the defendants James H. Bradish and Moses H. Powers, with the purpose and intent of preventing the receiver from recovering it, they at the time, knowing of such purpose and intent, and all the facts above stated. This action was brought by the receiver to obtain this property so conveyed to Selden, and by him to Bradish and Powers, or $8,000, its value. The only parties made defendants in the action were Selden, Bradish and Powers. A demurrer was interposed by Selden for defect of parties defendant; he claiming that for the proper, full and final determination and adjudication of the matters in controversy Luella H. Terry, Philo L. Hatch and Eleanor W. Hatch, his wife, were proper and necessary parties defendant to the action. This demurrer was overruled with $10 costs, and Selden allowed to answer in fifteen days. From this order he appeals.

*Woods & Kingman*, for appellant.

Plaintiff's theory of the action, and the only one on which it can be maintained, is, that the transfer to defendant Selden being absolutely void, the title to the premises is vested in Philo L. Hatch, and for the purpose of administration devolves upon the receiver. But if the title ever vested in Philo L. Hatch, it became subject to the inchoate contingent interest of his wife, Eleanor W. Hatch, an interest which this court has held to be a valuable one, (*In re Rausch*, 35 Minn. 291,) and which has always been recognized and protected by the statutes of this State, (1878 G. S. ch. 74, § 29.) It is not claimed that Mrs. Hatch has divested herself of this interest. The original transfer to the Home Savings and Loan Association was made by deed, executed by Raymond W. Hatch as her attorney in fact, but to none of the subsequent deeds is she a party, and if she had been her interest would not have been barred by joining in an invalid deed. *Rupe* v. *Hadley*, 113 Ind. 416. Mrs. Hatch cannot be divested of her interest by insolvency proceedings against her husband, to which she has not consented in writing. *Dayton* v. *Corser*, 51 Minn. 406.

Whether or not, in an action of this character, the insolvent debtor is a necessary party defendant, is a question on which the authorities differ. The greater number of the cases in which the

point is considered are actions in the nature of creditors' bills, brought by judgment creditors to subject lands claimed to have been fraudulently conveyed by the debtor, to the lien of their judgments. It has been held in a number of such cases that the judgment debtor is not a necessary party. But it is a noteworthy fact that, in nearly all of such cases, it has been held that he is a proper party. *Potter* v. *Phillips*, 44 Iowa, 357; *Allison* v. *Weller*, 6 Thomp. & C. 291; *Verselius* v. *Verselius*, 9 Blatchf. 189. In *Leonard* v. *Green*, 34 Minn. 137, this court says it is the usual and the better practice to join the judgment debtor in such cases.

In Pomeroy's Remedies, § 347, it is said that in an action by a judgment creditor to reach the equitable assets of the debtor, or to reach property which has been transferred to other persons, or property which is held by other parties, under such a state of facts that the equitable ownership is vested in the debtor, the judgment debtor is himself an indispensable party defendant. *Miller* v. *Hall*, 70 N. Y. 250; *Hubbell* v. *Merchants' Nat. Bank*, 42 Hun, 200; *Lovejoy* v. *Irelan*, 17 Md. 525; *Black* v. *Bordelon*, 38 La. An. 696; *Vanderpoel* v. *Van Valkenburgh*, 6 N. Y. 190; *Lawrence* v. *Bank of Republic*, 35 N. Y. 320; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561; *Shaver* v. *Brainard*, 29 Barb. 25; *Gaylords* v. *Kelshaw*, 1 Wall. 81; *Walker* v. *Powers*, 104 U. S. 245.

*Flannery & Cooke*, for respondent.

Luella H. Terry is not a necessary party. As against creditors of Philo L. Hatch, she never had any beneficial interest in the land. The consideration therefor was paid by Philo L. Hatch, insolvent, but even if she had, she divested herself of it by her conveyance to the defendant, Henry E. Selden.

Nor is Eleanor W. Hatch a necessary party. As against everybody but the creditors, the conveyance of the land in question by the Home Savings and Loan Association to Luella H. Terry vested the title thereto in her, notwithstanding the consideration for such conveyance was paid by Philo L. Hatch. 1878 G. S. ch. 43, § 7; *Connelly* v. *Sheridan*, 44 Minn. 18. And therefore, because Philo L. Hatch had no estate in that land, Eleanor W. Hatch, his wife, had no contingent or inchoate interest therein, and she is not inter-

ested in this action relative to the title thereto. The law requires the insolvent to give for the equal benefit of all his creditors all his property subject to levy and forced sale; and as his wife's inchoate, contingent interest in his real estate is not subject to levy and sale on execution, (*Dayton* v. *Corser*, 51 Minn. 406,) it does not pass to the receiver by operation of law, (*Kinney* v. *Sharvey*, 48 Minn. 93.) He has no interest therein, and she is not affected in any way by the present action. If she ever had an inchoate interest, it still remains hers, notwithstanding her husband's insolvency.

Philo L. Hatch, the insolvent debtor, is not a necessary party. The receiver stands upon the same footing as the assignee so far as setting aside conveyances, giving preference to a creditor upon a pre-existing debt is concerned. *Bliss* v. *Doty*, 36 Minn. 168; *Beardslee* v. *Beaupre*, 44 Minn. 1. He proceeds by virtue of his statutory powers, (*Gallagher* v. *Rosenfield*, 47 Minn. 507,) and to accomplish such purpose in the discharge of his duties, the insolvent debtor is not a necessary party in an action brought by the receiver to set aside a conveyance void under that law, (*Donohue* v. *Ladd*, 31 Minn. 244; *Langdon* v. *Thompson*, 25 Minn. 509; *Buffington* v. *Harvey*, 95 U. S. 99; *Weise* v. *Wardle*, L. R. 19 Eq. Cas. 171; Story's Eq. Pleading, § 519; 1 Daniell's Ch. Pr. 255.)

If the title were still in Luella H. Terry, and the action was prosecuted against her, Philo L. Hatch would not be a necessary party. *Leonard* v. *Green*, 30 Minn. 496; *Campbell* v. *Jones*, 25 Minn. 155.

COLLINS, J. This action was brought by the receiver of an insolvent to avoid and annul certain conveyances of real property, and to recover such property, as provided by Laws 1881, ch. 148, § 4. The appeal is from an order overruling a demurrer to the complaint interposed by the defendant, Selden, upon the ground that there is a defect of parties defendant. Selden is the creditor to whom the alleged fraudulent and forbidden preference is said to have been made by means of the conveyances before mentioned, and it is contended by his counsel that the insolvent, Philo L. Hatch, and his wife, Eleanor W. Hatch, who, from the complaint, appears to have taken some part in the transactions, are necessary parties, and should have been made defendants. We think not.

1. If Mrs. Hatch ever had or held an inchoate interest or right in the premises involved, said to have belonged to her husband, although he never held the legal title, she still retains that interest or right, so far as it now appears. She was not divested or deprived of it through the insolvency proceedings against Mr. Hatch. *Dayton* v. *Corser*, 51 Minn. 406, (53 N. W. Rep. 717.) Nor has she parted with or conveyed it in any manner. It is obvious that she will not be affected personally by the outcome of this action.

2. When this plaintiff became the receiver of the insolvent, under the provisions of chapter 148, *supra*, all property of such insolvent, and every part of the same, vested forthwith in him. The title to all, whether the insolvent held the legal title or possessed an equitable interest only, was wholly and altogether in the receiver for the purposes of the trust with which he was charged. The insolvent retained no interest to be affected by the proceedings in execution of the trust, except such as were represented by the receiver, and has no interest in the result of this action save that directly represented by this plaintiff as receiver. *Langdon* v. *Thompson*, 25 Minn. 509; *Donohue* v. *Ladd*, 31 Minn. 244, (17 N. W. Rep. 381;) *Buffington* v. *Harvey*, 95 U. S. 99; *Bank* v. *Sherman*, 101 U. S. 406. For these reasons an insolvent is not a necessary party defendant to an action instituted by an assignee or receiver to annul and avoid a conveyance of real property alleged to have been a fraudulent and forbidden preference of a creditor. *Buffington* v. *Harvey*, *supra*; *Weise* v. *Wardle*, L. R. 19 Eq. 171. See, also, in this connection, *Leonard* v. *Green*, 34 Minn. 140, (24 N. W. Rep. 915.)

Order affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 54 N. W. Rep. 1055.)