## State of Minnesota *vs.* Fred W. Farrington.

Argued Nov. 9, 1894. Reveresd Nov. 16, 1894.

No. 8976.

**Indictment for embezzlement held defective.**

> In an indictment for larceny under Penal Code, § 428, *held*, that the general allegations that the defendant withheld the money from the true owner, and appropriated it to his own use, are so limited and qualified by the allegations of the specific facts upon which the general allegations are predicated that the facts stated in the indictment do not constitute a public offense.

The defendant, Fred W. Farrington, was indicted April 5, 1894, in the District Court of Hennepin County for the crime of grand larceny in the first degree. He entered into a contract January 27, 1892, with S. R. Wilson of Chicago, Ill., to collect the rents of the Hotel Brunswick property in Minneapolis and of the adjoining building on Hennepin avenue and apply them to pay insurance, taxes, ground rent, repairs, interest on $30,000 mortgage, and his own compensation of $50 per month. The residue, if any, was to be paid to Wilson or his assigns. Wilson afterwards assigned his right to this surplus and the right to it became vested in Emil Firth. The mortgage was also purchased by Firth and he became entitled to the interest payable thereon. The indictment alleged that on March 4, 1894, Farrington had in his possession by virtue of this contract $5,720 collected thereunder which sum he feloniously withheld from the true owner thereof and appropriated to his own use with intent to deprive Firth thereof. Being arraigned defendant demurred to the indictment. The court, *Robert D. Russell*, J., disallowed the demurrer and on request of defendant reported the case so far as was necessary to present the questions involved and certified the report to this court.

*Fred C. Cook*, and *Henry C. Belden*, for the accused.

It is not charged in the indictment that the defendant was the agent, collector or trustee of Emil Firth, or that any demand had been made upon Farrington to pay the money to Emil Firth before the

finding of the indictment. *State* v. *Munch,* 22 Minn. 67; *State* v. *New,* 22 Minn. 76; *State* v. *Coon,* 14 Minn. 456.

Generally an indictment which follows the language of the statute creating the offense will be held good, but it does not necessarily follow that the indictment is good simply because it is in the exact language of the statute. Whether the statutory language is to be followed or not depends upon the manner the offense is stated therein. Argument or inference cannot be resorted to. *United States* v. *Britton,* 107 U. S. 655; *United States* v. *Mills,* 7 Pet. 138; *United States* v. *Simmons,* 96 U. S. 362; *United States* v. *Carll,* 105 U. S. 611; *United States* v. *Hess,* 124 U. S. 483; *Commonwealth* v. *Bean,* 11 Cush. 414; *Commonwealth* v. *Filburn,* 119 Mass. 297.

The statement that Emil Firth was the owner of the money is not sufficient, for it is a conclusion of law from facts stated in the indictment. Its effect is qualified by the statement in the indictment of the facts from which that ownership results. The specific facts control, and if they are not sufficient to show ownership, the general allegation cannot be resorted to for the purpose of sustaining the indictment. *Pinney* v. *Fridley,* 9 Minn. 34; *Casey* v. *McIntyre,* 45 Minn. 529; *Parker* v. *Jewett,* 52 Minn. 514. It is apparent that the allegations relating to the assignments from Wilson and the others are inserted solely for the purpose of showing how Firth acquired title to the money.

The specific allegations do not show that Firth is the owner of the money. The assignment from Wilson is only of "his right, title and interest" in the rents. It does not appear that he had not made a previous assignment to some one else. The indictment should have stated that Wilson, still being entitled to the rents, assigned them. The presumption that title once shown continues does not apply to an indictment.

Assignments from Wilson and the mortgagee to Firth of their rights to the surplus of the rents, do not show that Firth is the owner of any specific sum of money received as rent. They do not show that there is any surplus.

The only right which they had was a right to the surplus money after certain prior obligations were paid. The indictment should have alleged that the money in Farrington's hands was not needed

for taxes, insurance or repairs. It should have shown that there was a surplus after paying those .expenses; that the contingency had arisen under which Wilson or his assigns were entitled to the money.

*H. W.. Childs,* Attorney General, *Geo. B. Edgerton,* his assistant, *Frank M. Nye,* County Attorney, and *James A. Peterson,* his assistant, for the state.

It was not necessary to state in the indictment that Farrington was notified or had knowledge of the assignments of rents or of the mortgage. Our statute, Penal Code, § 415, provides that any person who appropriates money as trustee, steals such property. If Farrington appropriated the money to his own use, he stole it according to this statute.

The defendant can be held to have committed a public offense upon the facts stated in the indictment, although it is not therein set out that any demand has been made upon him to pay over the money to Firth. *State* v. *Comings,* 54 Minn. 359; *State* v. *New,* 22 Minn. 76.

The indictment follows the words of the statute. The offense is entirely statutory. Where the offense is statutory, it is sufficient for the pleader to follow the words of the statute. *State* v. *Comfort,* 22 Minn. 271; *State* v. *Stein,* 48 Minn. 466.

MITCHELL, J. The defendant, having been indicted for the crime of grand larceny under Penal Code, § 428, demurred to the indictment, specifying numerous objections, all of which may be included in the general. objection that the facts stated do not constitute a public offense.

The trial court, having overruled the demurrer, certified to this court, under 1878 G. S. ch. 117, § 11, five questions, which may also be all summed up in one, viz. whether the facts stated in the indictment constitute a public offense. Trespass is an element in every larceny at common law. The effect of this statute making conversion or embezzlement by a trustee, etc., larceny, is merely to do away with the necessity of á trespass. It does not change the rules of pleading. The mere common-law form of indictment for larceny

would not be sufficient. In an indictment under this statute the allegations must be special, and must state all the facts necessary to constitute the offense. *State* v. *Henn*, 39 Minn. 464, (40 N. W. 564;) *State* v. *Vorey*, 41 Minn. 134, (43 N. W. 324;) *State* v. *Friend*, 47 Minn. 449, (50 N. W. 692.)

The essential facts necessary to constitute larceny under this section are: *First*, that the person was acting as a trustee, etc., under appointment by will, deed, etc. *Second*, that the money or property alleged to have been stolen was in his possession by virtue of such office or appointment. *Third*, that he secreted or withheld it, or appropriated it to his own use, or to that of a person other than the true owner entitled to it.

We think the first two of these facts are sufficiently alleged, but that as to the third the indictment is fatally defective. It might, perhaps, have been sufficient if it had, as to some matters, alleged less; but by alleging what it does it became necessary to allege still more. The general allegations in the indictment must be deemed to be controlled and qualified by the allegations of specific facts upon which the general allegations are predicated. The general allegations that the defendant withheld the money from the party entitled thereto, and appropriated it to his own use, are so limited and qualified by what follows as to amount merely to an allegation that he withheld it from Firth; and the general allegation that Firth was the person entitled to it is qualified by the statement of the specific facts from which that ownership is alleged to have resulted. Having assumed to set out specifically the facts constituting Firth's right to the money, it was incumbent on the state to allege facts sufficient to show that right. In this the indictment is defective. All that is alleged might be strictly true, and yet Firth not be entitled to a dollar, and defendant have had a perfect right to retain and use the money for any or all of the purposes named in the 1st, 2d, 3d, and 5th subdivisions of that part of the trust deed which specifies the purposes for which he was to pay it out, or to which he was to apply it.

Order reversed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1088.)