STATE v. JOHN P. NELSON.

May 7, 1900.

Nos. 12,095—(19).

**Embezzlement—Pleading Ownership of Property.**

The same rules with reference to the property embezzled and the ownership thereof apply in cases of embezzlement as apply in cases of larceny. Unless the pleader is released from this exactness by special statute, the goods and the ownership must be set out in the indictment and proved with the same exact completeness as in larceny.

[1] LOVELY, J., having been of counsel, took no part.

**Embezzlement by Assignee—Allegation of Ownership in Assignor in Insolvency—Demurrer.**

> In an indictment for an embezzlement it was alleged that the defendant had appropriated and embezzled a stated sum of money which came into his possession as the assignee of one Peterson, who had made an assignment to defendant for the benefit of his creditors under the statute. It was also alleged positively that said Peterson was the owner of the money when so embezzled, and there were no further allegations as to the ownership. *Held*, that the court erred in overruling a general demurrer to the indictment.

John P. Nelson was indicted in the district court for Hennepin county for grand larceny in the second degree, committed as stated in the opinion. The court, Simpson, J., made an order overruling a demurrer to the indictment, and at the request of defendant reported to the supreme court certain questions for its determination. Reversed.

*George H. Fletcher*, for defendant.

The indictment states specifically that the money appropriated was the property of Peterson. If it was the property of Peterson, it was not held by Nelson under the terms of his appointment as assignee. In anything that Nelson held as assignee, Peterson could have no possible ownership, interest, or title. Langdon v. Thompson, 25 Minn. 509; Donohue v. Ladd, 31 Minn. 244; Williamson v. Selden, 53 Minn. 73; Buffington v. Harvey, 95 U. S. 99; Bank v. Sherman, 101 U. S. 403, 406. The indictment thus charging, upon its face, an ownership of the funds charged to have been appropriated inconsistent with the trusteeship charged is fatally defective, and the demurrer should have been sustained. The ownership of the funds is an essential averment. State v. Lyon, 45 N. J. L. 272, 274; Livingston v. State, 16 Tex. App. 652, 656; State v. Collins, 4 N. D. 433.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *Louis A. Reed*, County Attorney, for the State.

The deed reserved to the assignor a reversionary interest, and the assignor has further an interest in the estate to the extent of having the proceeds applied so far as possible to the discharge of

his debts. A bankrupt's interest in his estate is not extinguished by an assignment in bankruptcy proceedings. King v. Remington, 36 Minn. 15; Wendell v. Lebon, 30 Minn. 234; First Nat. Bank v. Randall, 38 Minn. 382; Atwater v. Manchester Sav. Bank, 45 Minn. 341; Burrill, Assign. (5th Ed.) § 206; 2 Bishop, Crim. Proc. §§ 339, 343; People v. Hill, 3 Utah, 334. It is sufficient to lay in the assignor the ownership of the property, belonging to the insolvent estate, which has been embezzled. The ownership must be proved to be in some other person than the accused, and an indictment which lays the property in any person other than the accused, is sufficient in that respect. State v. Kent, 22 Minn. 41; State v. Kusnick, 45 Oh. St. 535; G. S. 1894, §§ 7245, 7263; State v. Grimes, 50 Minn. 123; People v. Prather, 120 Cal. 660; State v. Barry, 77 Minn. 128.

COLLINS, J.

Defendant was indicted under the provisions of G. S. 1894, § 6723, for appropriating to his own use money coming into his possession as the assignee of Andrew G. Peterson, who had made an assignment for the benefit of his creditors under the statute. The deed of assignment was set out in full in the indictment, and immediately following it was a purported acceptance by defendant. Although it was not alleged directly that the defendant accepted and qualified under the deed of assignment, the indictment charged that he was duly appointed and employed as a trustee, and was then and there acting as such; and that by virtue of his appointment and employment he then and there had in his possession the sum of money specified as having been appropriated and embezzled by him. The indictment further charged that the money so appropriated was the property of said assignor, Andrew G. Peterson, and that the latter was the owner thereof. The court below overruled a general demurrer to this indictment, and thereupon certified to this court three questions for its determination.

The second question, briefly stated, is this: Does it appear that the defendant has committed the offense charged, upon the facts stated in the indictment, it being positively alleged that Andrew G. Peterson was the owner of the money, while upon its face the

indictment clearly shows that the money appropriated was part of the trust funds which had come into defendant's possession under and by virtue of the deed of assignment, and in which Peterson had no title, except in case there was a surplus to revert to him?

It has been universally held that the same rules with reference to the property embezzled, and the ownership thereof, and the fraudulent intent to convert the property apply in cases of embezzlement as apply in cases of larceny. Unless the pleader is released from this exactness by special statute, the goods and ownership must be set out in the indictment and proved with the same exact completeness as in larceny. 1 Wharton, Crim. L. § 1044; 1 McClain, Crim. L. § 653. See also State v. Collins, 4 N. D. 433, 61 N. W. 467; State v. Lyon, 45 N. J. L. 272; Livingston v. State, 16 Tex. App. 652. We have no statute which changes this rule.

It is obvious from the indictment that Andrew G. Peterson was not the owner of the money alleged to have been embezzled. It is true, his interest in his estate was not extinguished by the assignment, but that is of no consequence with the indictment in the present form. As the assignee of Peterson, the defendant was the trustee of an express trust. As such trustee, he held the legal title to the money which came into his hands, and he also held the equitable interest of the assignor in respect thereto. Langdon v. Thompson, 25 Minn. 509; Donohue v. Ladd, 31 Minn. 244, 17 N. W. 381; Williamson v. Selden, 53 Minn. 73, 54 N. W. 1055. He was the only party who could have maintained a civil action concerning, or to recover, this money. Peterson simply had a reversionary interest in all of the property assigned, and he was entitled to have the proceeds applied, as far as possible, in the discharging of his debts. Although his interest was not altogether extinguished, it is very clear that his ownership could not have been established at the trial in the absence of an allegation to the effect that the estate had been fully administered, and a surplus remained, which, in fact, was his. Although not directly in point, see State v. Farrington, 59 Minn. 147, 60 N. W. 1088. The court below erred when it overruled the demurrer.

Order reversed, case remanded.