L. W. FRENCH v. R. P. SMITH & SONS COMPANY.[1]

November 14, 1900.

Nos. 12,229—(35).

**Bankruptcy Act of 1898—Jurisdiction of State Court.**

In an action by a trustee in bankruptcy to set aside a preferential payment and a fraudulent transfer of his property by the bankrupt, to which he was not made a party, *held*: (1) That two causes of action are not improperly united; (2) that the bankrupt was not a necessary party to the action; (3) that the bankrupt act of 1898 is constitutional, and that the state court had jurisdiction of the action.

[1] Reported in 84 N. W. 44.

Appeal by defendant from an order of the district court for Ramsey county, O. B. Lewis, J., overruling a demurrer to the complaint. Affirmed.

*Warner & Lawrence,* for appellant.

*Palmer & Beek,* for respondent.

START, C. J.

This action was brought in the district court. of the county of Ramsey. The complaint alleges, in effect, the following facts: On January 19, 1899, Newell A. Crittenden was duly adjudged a bankrupt in the district court of the United States for the district of Minnesota, and on February 13, 1899, the plaintiff was duly appointed his trustee in bankruptcy. The bankrupt, on October 25, 1898, and for more than thirty days immediately prior thereto, was insolvent, which fact was then well known to the defendant, who was then a creditor of the bankrupt in the sum of $679. Thereupon the bankrupt, with intent to give the defendant a preference over his other creditors, paid the full amount of his indebtedness to the defendant, who received and accepted such payment with knowledge of the bankrupt's insolvency, and with the intent on its part to secure a preference over the other creditors of the bankrupt. At the time and place of this payment, and in connection therewith, and as a part of the same transaction, the bankrupt, with intent to hinder, delay, and defraud his creditors, turned over and delivered to the defendant certain merchandise to him belonging, then of the value of $2,150.24, and the defendant received such property, and converted it to its own use, with knowledge of the bankrupt's insolvency, and with intent to delay and defraud the creditors of the bankrupt. The plaintiff, as such trustee, duly demanded of the defendant a return to him of the amount of such payment and such merchandise. The defendant refused to comply with the demand. The prayer of the complaint is for a money judgment for $2,829.24. The defendant demurred to the complaint for the reasons, with others, that two causes of action were improperly united, that there was a defect of parties defendant, and that the court had no jurisdiction of the subject-matter of the action.

1. The first question to be considered is, are two causes of action

improperly united in the complaint? We answer the question in the negative. The complaint alleges, in effect, that at the same time, and as one transaction, the defendant obtained from the bankrupt, as a fraudulent preference, $679 of the money and property of the bankrupt, and also his merchandise and property, of the value of $2,150.24, in fraud of his creditors. It is not clear that two causes of action are stated in the complaint, but, if such be the case, both grow out of the same transaction, and therefore they are not improperly united. It is, however, urged by the defendant that, notwithstanding the complaint alleges that both causes of action were a part of the same transaction, the facts stated show that in the nature of things they could not be; hence the allegation that they are is a mere erroneous conclusion of law. There is no reason, in the nature of things, why the obtaining of the money that is the property of the bankrupt and certain other of his personal property, by a fraudulent transfer, may not have been the result of a single transaction or negotiation. It appearing from the complaint that all the acts complained of grew out of the same transaction, a demurrer for misjoinder of causes of action will not lie. Montgomery v. McEwen, 7 Minn. 276 (351); Humphrey v. Merriam, 37 Minn. 502, 35 N. W. 365.

2. Nor is the complaint open to the objection that there is a defect of parties defendant. The defendant urges that the bankrupt is a necessary party defendant, so as to be bound by any judgment which may be recovered setting aside the payment as a preference, because, if it is so set aside, the defendant's debt against him would be revived. Conceding, without deciding, that such would be the case, it would not follow that the bankrupt would be a necessary party to the action. He would be only a proper party to be brought in on motion of the defendant. This is a legal action, and the plaintiff neither asserts nor has any cause of action against the bankrupt; hence he is not a necessary party defendant. Williamson v. Selden, 53 Minn. 73, 54 N. W. 1055.

3. The question of jurisdiction raised by the demurrer is based upon subdivision "b" of section 23 of the bankruptcy act of 1898, which is in these words:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." 30 St. 544.

The defendant claims that the effect of this provision is to impose upon state courts jurisdiction over causes of action which arise solely under the constitution and laws of the United States; hence the provision is void, for the reason that it is not competent for congress to impose such jurisdiction upon the state courts. Such being the case, and the federal courts having no jurisdiction over suits brought by trustees in bankruptcy to set aside preferential payments and fraudulent transfers except in cases where diverse citizenship and the amount in controversy confer such jurisdiction, it is urged that the whole bankruptcy act is unconstitutional. The specific reasons assigned for this general conclusion are that the jurisdiction of the state courts is, at most, only optional, not mandatory, and that some of them will decline to exercise it; therefore the act is not uniform in its operation. And, further, that the invalid provision attempting to impose such jurisdiction upon the state courts was a consideration for the whole act, and congress would never have enacted it except upon the supposition that such provision was valid.

The briefs of the respective counsel as to these claims of the defendant are exhaustive and able, but we deem it unnecessary to enter upon any general discussion of the questions, for in our opinion the case of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, decided since this cause was heard in the district court, necessarily sustains the validity of the provision in question, and the jurisdiction of the state courts over independent suits by trustees in bankruptcy to set aside preferences and fraudulent transfers of his property by the bankrupt. The bankruptcy act of 1867 contained no provision conferring jurisdiction on state courts over such suits by assignees in bankruptcy, or recognizing it. The result was that there was a conflict of judicial opinion as to the jurisdiction of the state courts in such cases, but on principle and the great weight of judicial authority it was established that state courts possessed

such jurisdiction concurrently with the federal courts. Black, Bankr. 125; Bump, Bankr. 139; 16 Am. & Eng. Enc. 753; Mann v. Flower, 25 Minn. 500, 506; Claflin v. Houseman, 93 U. S. 130. There were, however, some vigorous dissents, notably by the courts of Michigan and Wisconsin. Voorhies v. Frisbie, 25 Mich. 476; Brigham v. Claflin, 31 Wis. 607. This conflict in judicial opinion seems to have been one of the reasons for the enactment of the provision of the bankruptcy act of 1898 here in question.

While no attempt is made by this provision to confer any jurisdiction upon state courts, yet for the purpose of putting at rest any doubt which might arise as to the jurisdiction of state courts over suits by trustees to enforce their rights to the bankrupt's property it expressly recognizes such jurisdiction. Another reason for the enactment of this provision was to prevent parties who had dealt with the bankrupt being oppressed by the trustee bringing actions against them in the federal courts held remote from their homes and the places where the transaction occurred, by requiring such actions to be brought in the local courts of the state, where they could be tried with less expense and greater convenience to the parties and the witnesses.

Now, if the case of Bardes v. Hawarden Bank, supra, is read in the light of these suggestions, it is clear that the supreme court of the United States in the case referred to intended to, and did necessarily, decide that subdivision "b" of section 23 of the bankrupt act of 1898 was valid, and that state courts had jurisdiction of suits by trustees in bankruptcy to recover preferential payments and fraudulent transfers by the bankrupt. It is true that there is in the opinion no discussion of the constitutionality of this subdivision, but the question for the determination of the court in that case was whether the district courts of the United States had jurisdiction of such actions. They certainly had jurisdiction if the subdivision in question was invalid, because, except for the limitation therein contained, such courts had jurisdiction. The court gave effect to this paragraph "b" of section 23 of the act, and held that it limited and controlled the jurisdiction of all courts over independent actions by trustees in bankruptcy as distinguished from bankruptcy proceedings proper, and that the state courts had jurisdiction over such

actions, and that the district courts of the United States had not. This, as already suggested, is decisive of the case at bar, for it is a construction of a federal statute, and a determination of its validity by the supreme court of the United States, and therefore obligatory upon all state courts.

A similar conclusion was reached by the supreme court of Michigan on rehearing of the case of Lyon v. Clark, 124 Mich. 100, 82 N. W. 1058. The original decision held against the jurisdiction of the state court, following Voorhies v. Frisbie, supra; but after the decision in the case of Bardes v. Hawarden Bank, supra, a rehearing was granted, and the jurisdiction of the state court sustained upon its authority. Lyon v. Clark, 124 Mich. 105, 83 N. W. 694.

4. The defendant also urges that the state court, even if it has jurisdiction, ought, on grounds of public policy, to decline to exercise it. Public policy and official duty alike require state courts to exercise their jurisdiction when properly called on to do so. Cook v. Whipple, 55 N. Y. 150.

The further objections to the complaint that the plaintiff has not capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action, are based upon the claim that the bankrupt act of 1898 is unconstitutional, and our conclusion that it is not necessarily disposes of the objections.

Order affirmed.