## STATE v. SAMUEL WHITE.[1]

July 9, 1909.

Nos. 15,879—(28).

**Embezzlement—New Trial.**

> Defendant was found guilty under an indictment charging him with embezzlement of money intrusted to him, with felonious intent at the time of the appropriation to appropriate the same to his own use. It is *held* that the evidence, tending to show that the money was intrusted to defendant to invest for complaining witness as distinguished from being loaned to him, involves such doubt as to require a new trial.

Defendant was indicted in the district court for Hennepin county for the crime of grand larceny in the first degree, found guilty of grand larceny in the second degree, and sentenced, Holt J., to be confined at hard labor in the state prison at Stillwater for the term of one year and one month. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*William B. Anderson,* for appellant.

*George T. Simpson,* Attorney General, *Al. J. Smith,* County Attorney, and *John F. Bernhagen,* Assistant County Attorney for the State.

JAGGARD, J.

The indictment, under which defendant was tried, charged that as agent of one Lottie R. Sheldon he had in his possession $1,020 of her money, and that he feloniously appropriated that money to his own use and embezzled the same without her consent, with the intention to deprive her of her said property and to appropriate the

[1]Reported in 122 N. W. 448.

same to his own use. It appeared on trial that a civil action had previously been begun by said Sheldon against this defendant to recover said money, and that the money had not in fact been paid. The jury returned a verdict of guilty. This appeal was taken from the order of the trial court denying defendant's motion for a new trial.

A number of errors are assigned as to rulings on evidence, none of which, upon the record before us and the brief for defendant, would justify granting a new trial. The gist of this appeal concerns the sufficiency of the evidence to sustain the conviction. The rule is clear that, if the evidence is not of such character as to show the guilt of the accused beyond a reasonable doubt, a new trial should be granted. Brown v. State, 125 Ga. 8, 53 S. E. 767. Defendant was charged with embezzlement of money intrusted to him, with felonious intent at the time of the alleged appropriation to appropriate the same to his own use. The burden of proof rested upon the state to sufficiently establish the existence of that intention. In the case at bar defendant's son testified that the money was loaned to him "if he would pay her [Lottie Sheldon] twenty per cent. interest." In this view of the facts he is corroborated and contradicted by a number of witnesses. If this were all the record presented, the question would clearly have been one for the jury. The ability of defendant to prevail in this appeal depends upon the insufficiency of the evidence of the state to show that defendant was intrusted with money to invest for the complaining witness. This involves a consideration of writings in the case, the testimony of the attorney for the complaining witness, and the conduct of that witness.

The defendant executed to the complaining witness a series of receipts at different times for different amounts, all in essentially the same form: "Received of L. R. Sheldon $——— for loaning purposes." These were all signed by the defendant, and delivered to and retained by the complaining witness. The language was evidently ambiguous. It was consistent with the state's contention that the money was delivered to the defendant to be loaned by him as agent of the complaining witness under an agreement, testified to orally, that he should pay her ten per cent. interest. It was also consistent with defendant's claim that he never became her agent,

but received money as a loan from her on his promise to repay it when so requested with twenty per cent. interest, which money was to be used for loaning. In any view, the receipts were not conclusive as to the point under consideration.

The record, including letters between defendant and the complaining witness, and the testimony of the complaining witness and of her counsel in the action brought on the civil liability, are significant in this: Neither the complaining witness nor her attorney ever asked for any information concerning persons to whom her money had been loaned, or concerning the time for which loans had been negotiated, or concerning payments thereon or defaults therein. No securities which represented investments by him for her were ever asked for, nor was the subject ever referred to. She never in any letter which appears in this record referred to investments of loans, notes, or otherwise made by defendant for her. On the contrary, she wrote him asking for money. In one letter she wrote: "Will you please send me the interest due me for July and August. * * * I did not think I would have to call on you at present, but find it necessary." In another letter she wrote: " * * * Also reckon my interest to date and send me statement. You asked me some time ago how much I had given you this year." Again: " * * * Mr. Brown tells me you are doing your best, he thinks. I hope you can have at least $500 for me soon, before my chance is lost of doubling my money." "I hope you have the whole $500 for me. If not, must have it very soon. I am sorry I could not have had it sooner, as it has meant a loss to us of $200 or more. I did not think I would have to wait so long after asking for it, or I should not have put all I have with you." These are not letters which would naturally be written by a person having investments or securities in the hands of her agent. It is to be noted that they contain no request whatever to realize on her notes. Her attorney testified that he had conversations over the telephone in which he insisted upon getting the money and (defendant) did not refuse to pay, but did not pay. No letters were written by or to him. Defendant did not pay this money after demand was made upon him, through the civil action brought by complaining witness in the district court. Defendant's position in the matter was "that the com-

plaining witness should have the money." It is true that it appears that an accounting from defendant was demanded. "The defendant neither paid the money nor accounted." This was ambiguous. The accounting, so far as it appears, might have been made by the defendant as a debtor to his creditor, the complaining witness, quite as well as by him as an investor for her.

Taking the testimony referred to as a whole, it has raised in our mind such doubt as to what the relationship between the complaining witness and defendant really was that we feel constrained to grant a new trial.

Reversed.