ELSE LARSON *vs.* LOMBARD INVESTMENT COMPANY, *et al.*

51  141
d74  430

Argued July 7, 1892.  Decided Oct. 10, 1892.

**Findings Sustained by Evidence.**

Findings of fact *held* sustained by the evidence.

**Agency—Application for Loan.**

The defendant investment company was a corporation engaged in the business of loaning money upon mortgage, and had correspondents in different parts of the state, who received applications for loans, and forwarded them to the defendant for examination and approval. *Held*, that a clause in the printed form of application furnished by the defendant and signed by applicants for loans, purporting to constitute such correspondent the attorney of the applicant to procure the loan, did not necessarily preclude such applicant from showing that the correspondent was an agent of the company, and did in fact represent it also in the transaction.

**Error without Prejudice.**

Certain rulings of the court in the reception of testimony *held* error without prejudice.

Appeal by Lombard Investment Company, one of the defendants, from an order of the District Court of Meeker County, *Powers, J.,* made March 11, 1892, refusing a new trial.

On November 6, 1890, the plaintiff, Else Larson, was the owner of certain real estate in Meeker County, on which there was a mortgage for $500. On that day plaintiff applied to Stevens & Co., bankers at Litchfield, for a loan of $900, and to secure the same, offered to execute a mortgage on this property. The application was in writing, on a blank furnished by the defendant Lombard Investment Company to Stevens & Co., and described the property and the use to be made of the funds, viz. to pay off the prior mortgage, and the balance in cash. The application was recommended by Stevens & Co., sent to the St. Paul office of the defendant, and there approved. The note and mortgage were prepared and sent by the Investment Company, through Stevens & Co., to plaintiff, for execution. Plaintiff and her husband executed the note and

mortgage in Dakota and sent them to August Palm, at Litchfield, who turned them over to Stevens & Co., and asked for the money, which they promised to pay in a couple, of days. Stevens & Co. had the mortgage recorded, and forwarded it with the note to the Lombard Investment Company at St. Paul. The Company turned over to Stevens & Co. the $900, less $99.54 retained for commission; but Stevens & Co. became insolvent, the prior mortgage was not paid, nor was any part of the proceeds of the loan ever paid to plaintiff. The note and mortgage were assigned by the Investment Company to a third party.

This action was brought to cancel the note and mortgage, or in case that relief could not be had, to recover of the Lombard Investment Company the $900. The action was tried November 11, 1891. The question as to whether Stevens & Company was the agent of the defendant in procuring the note and mortgage, was submitted to a jury and answered in the affirmative. The court filed its findings February 13, 1892, ordering judgment in favor of the plaintiff and against the defendant Lombard Investment Company, for $900, interest and costs. From an order refusing a new trial it appeals.

*Geo. E. Budd,* for appellant.

The only question in this case is: Was Stevens & Co. the agent of appellant, or of respondent?

The court erred in allowing witnesses to give their opinions or conclusions that Stevens & Co. was the agent of appellant. *Stein* v. *Swenson,* 46 Minn. 360; *Hathaway* v. *Brown,* 22 Minn. 214; *Nininger* v. *Knox,* 8 Minn. 140, (Gil. 110;) *Lowry* v. *Harris,* 12 Minn. 255, (Gil. 166;) *Young* v. *Newark Fire Ins. Co.,* 59 Conn. 41; *Stinde* v. *Blesch,* 42 Mo. App. 578; *Hite* v. *Stimmell,* 45 Kan. 469; *Rabitte* v. *Orr,* 83 Ala. 185; *Maurer* v. *Miday,* 25 Neb. 575. The errors were not without prejudice. *Hathaway* v. *Brown,* 22 Minn. 214; *Rindskopf* v. *Myers,* 77 Wis. 649.

The admission in evidence of the rate sheets furnished Stevens & Co. by appellant, was error. There was nothing to show that the loan was made in accordance with them. Authority to do an

act cannot be 'implied from the fact that a different act was au-thorized to be done. *Graves* v. *Horton*, 38 Minn. 66; *Humphrey* v. *Havens*, 12 Minn. 298, (Gil. 196;) *Meade* v. *Brothers*, 28 Wis. 689.

The note and mortgage were intrusted by respondent to Stevens & Co. That firm was thereby clothed with apparent authority to receive the money, and respondent is estopped to dispute their ac-tual authority. *Crane* v. *Gruenwald*, 120 N. Y. 274; *Smith* v. *Kidd*, 68 N. Y. 130; Story, Agency, 102.

The application is a direct appointment of Stevens & Co. as respondent's agent. Plaintiff applied to it for the loan, constituted it her agent to procure it, and it acted as her agent throughout the transaction. *Thomas* v. *Desney*, 57 Iowa, 58; *Englemann* v. *Reuse*, 61 Mich. 395; *Pepper* v. *Cairns*, 133 Pa. St. 114.

*John T. Byrnes*, and *T. E. Byrnes*, for respondent.

VANDERBURGH, J. The defendant is engaged in the business of loaning money upon mortgage, and has established a branch of its business in St. Paul, in this state. To facilitate its operation, it secures the assistance of persons in different localities, whom its officers style "correspondents," by whom applications for loans are received and forwarded for examination by the defendant, and, if the securities are found satisfactory and approved, they are accepted, and the money forwarded, to be delivered to the borrower. The office of the so-called "correspondent" is therefore to aid the defend-ant in procuring applications and consummating loans. Stevens & Co., bankers at Litchfield, in Meeker county, were so acting for de-fendant in the year 1890, when the plaintiff made an application for the loan in question in this case. The application was made in writing, in the form required, and upon blanks furnished by the de-fendant. It is obvious from the record that if the money had been forwarded to Stevens & Co., and in their hands, before all the con-ditions of the loan required by defendant had been complied with, it would have remained the property of defendant, and they would have held the same for the company in the mean time, and, to some extent certainly, have represented the company. It is true that the written application contains a provision constituting the person or

manager to whom the application was submitted "the attorney of the applicant irrevocable for him and in his name to procure this loan from any person or corporation." But this is not conclusive in the face of facts tending to show that the correspondent was at the same time representing the company. The court will look beyond the forms or devices resorted to by the defendant in conducting the business, into the real state of the case.

The applicant (plaintiff here) also signed a certificate appointing Stevens & Co. her agent to negotiate a loan for $900 on the land in question, in which also she agreed to pay the sum of $99.54 in advance, in consideration of their services in negotiating the loan, as a part of the interest, and to execute a note drawing six per cent. interest for the principal sum named. The plaintiff accordingly executed a note and mortgage to secure $900, and interest at six per cent., running to the defendant, which has been duly recorded. The application for the loan was approved, and the note and mortgage accepted, and afterwards sold to a third party for a valuable consideration in the usual course of business. The evidence shows that the advance payment required ($99.54) was to be deducted, and was in fact deducted and retained by defendant, from the principal sum agreed to be loaned. The defendant, upon due receipt of the papers, forwarded to Stevens & Co., at Litchfield, the sum of $900, less the commission of $99.54, above referred to. It is found by the trial court that the firm of Stevens & Co. were the agents of the defendant. If they were, however, representing the plaintiff in the transaction, then this action for the cancellation of the note and mortgage or for the value thereof cannot be maintained, because in that case the unconditional delivery of the money to them for plaintiff would have been equivalent to a delivery to her, and would have satisfied the defendant's contract, and the plaintiff would be obliged to look to Stevens & Co. for her remedy; but, if Stevens & Co. received the money as the correspondents and agents of the investment company, the latter will be held responsible for their refusal or inability to pay the same to the plaintiff. It appears beyond dispute that Stevens & Co. were acting for the defendant for some purposes, and, so far at least, must be treated as their agents; and it was fairly

a question of fact for the trial court to determine whether they were not so acting in the particular transaction referred to. There was a prior incumbrance on the land of $500 and interest, to pay off which a part of the money applied for was required. She applied for the loan to Stevens & Co., who did not assume to act for themselves, but to act for the defendant; and they had in fact been the "correspondents" of the defendant for a year and a half, under a circular of instructions in respect to rates and the mode of conducting the business. And under the arrangement between the parties as actually agreed on Stevens & Co. received a certain percentage of the commissions only, notwithstanding the language of the certificate of agency. The correspondents were required to fill out the applications carefully, and to carefully examine each abstract of title before sending it. The papers in mortgage loans were to be drawn at the office of the defendant, and forwarded to the correspondents, to be executed by the borrower.

The prior incumbrance of $500, above referred to, appeared upon the application in this instance, and in answer to the question, "For what purpose is the money wanted?" it was therein stated, "To pay up loan, build, and improve farm;" and it was the duty of Stevens & Co., on receipt of the money, to pay off that incumbrance, in order to protect the defendant, and then to pay over the balance to the plaintiff. It was a fair inference to be drawn from the evidence in the case that until that incumbrance was paid (which was not done) the money was not to be paid over, and that Stevens & Co. were holding the money for the defendant, and not acting for the plaintiff, in receiving the money. To hold, in a case where the business is all transacted under the direction of the defendant, that the applicant for loans, not familiar with business methods, should be precluded by the printed forms, carefully devised to shield it from liability for the acts of persons acting for them, from showing an actual agency, would in many cases lead to gross injustice. The rule applied in insurance cases should be adopted in cases like this, and, notwithstanding the stipulation in the form of application, the agent must be regarded as the agent of the company for acts done for it and in its behalf.

The rate sheets, blanks, instructions, and forms furnished by defendant to Stevens & Co. for use in the business, were properly received in evidence.

It was undoubtedly error to allow the witnesses to testify to their conclusions or opinions on the subject of the agency of Stevens & Co., or to receive evidence of the declarations of the latter upon the subject; but we think it was necessarily without prejudice, because from the undisputed evidence, apart from the testimony objected to, we do not see how the jury could have come to any different conclusion than they did upon the questions submitted to them. The findings of fact must therefore be sustained.

As the defendant, as thereby established, failed to comply with the terms of the application, and failed to furnish the money, it is not entitled to an allowance for commissions to be deducted from the amount of the plaintiff's recovery.

Order affirmed.

(Opinion published 53 N. W. Rep. 179.)