HELENA MURPHY and Another v. CLARA B. BECKER.[1]

June 14, 1907.

Nos. 15,147—(143).

**Payment to Agent.**

>Appellants made application to a loaning agent for a loan on real estate, upon which a mortgage then existed, and the agent secured the loan from respondent.

>*Held*, the evidence is sufficient to support the holding of the trial court that respondent's representative was justified in delivering the entire amount of the loan to the loan agent without satisfying the first mortgage.

Action in the district court for Clay county to cancel a note for $1,600 except as to the sum of $625, and to have a mortgage declared a lien to the amount of $625. The case was tried before Searle, J., who was incapacitated from making a decision. By stipulation the parties submitted the evidence to Taylor, J., who dismissed the action. From an

[1]Reported in 112 N. W. 264.

order of Taylor, J., denying a motion for a new trial, plaintiffs appealed. Affirmed.

*C. A. Nye,* for appellants.
*William Russell,* for respondent.

LEWIS, J.

Appellants were owners of a farm in Clay county upon which was a mortgage of $900, not yet due, and, being desirous of increasing the loan, made application through a loaning agent, Eklund, of Moorhead, for a new loan of $1,600. Eklund applied to Mr Russell, of Moorhead, who secured the loan from respondent, who resided at Attica, New York. Appellants executed a note for $1,600 and a mortgage securing the same, and delivered them to Eklund, who turned the papers over to Russell and received the $1,600. Eklund accounted to appellants for the amount received, with the exception of $943.75, which he represented had been paid to satisfy the first mortgage; but it turned out that the first mortgage was never paid or satisfied of record. This action was commenced by appellants against respondent for the purpose of reforming the $1,600 mortgage to conform to the amount which appellants actually received on the loan.

At the close of the evidence the trial court ordered judgment dismissing the action, upon the ground that appellants had failed to establish by the evidence any of the allegations of the complaint. This appeal is presented to this court upon the theory that it conclusively appears from the evidence that Eklund was the agent of respondent for the purpose of satisfying the first mortgage, and, having failed to do so, respondent is not entitled to hold a mortgage on appellants' land in excess of the amount which they actually received.

The question, therefore, is one of fact. Eklund having absconded, his testimony was not available. J. W. Witherow, an attorney of Moorhead, was called as a witness on behalf of appellants, and testified that he accompanied Eklund to the hospital at Moorhead, where Mr. Murphy was confined; that Murphy, referring to Eklund, said:

> I sent for you, Gust, because I need a little money. I have a lot of expense, and I owe them something here in the hospital, and a doctor bill, and I want to get a loan, and I would be glad to have you let me have $150.

Mr. Witherow testified that they then talked over the details of the loan, description of the property, prior incumbrances, etc.; that Eklund told Murphy he had three people who would take the loan, and, after discussing the length of time it would probably take to secure it, Murphy said he needed the money at once to meet expenses; and that Eklund said he would see Russell, and see if he would take the loan, and he (Eklund) would send Murphy a check for $150 when he got back to the office. Mr. Witherow further testified that, about ten days after the first visit, Eklund said he had the papers in the loan matter ready for Murphy to sign, and requested him to go with him to the hospital, which he did; that Mr. Murphy executed the papers, and asked Eklund if he had heard from the prior mortgage, and if he thought there would be any question about a release of the first mortgage before it was due; that Eklund replied he thought not, because he (Eklund) was doing considerable business for Elsworth & Jones, representatives of the Middlesex Banking Company; that Murphy then said he would be glad if Eklund would so arrange it, for he needed the money, and Eklund answered he thought there would be no difficulty on that score, because Russell told him he would let him have the money as soon as the papers were returned properly executed; that Murphy told Eklund to hurry the matter through, get the satisfaction, and have the matter cleaned up as soon as possible, saying:

> I wish you would have it attended to, Gust, just as soon as you can, and get the papers all closed up, and get the satisfaction, and get the money for me, because I am owing considerable bills here, and, while they will probably wait, still I want to go home in a day or two, and won't want to go and have anything hanging on.

On cross-examination Mr. Witherow stated:

> He asked Mr. Eklund if he thought the fact that the satisfaction of the first mortgage not having been procured would delay the closing up of the loan; and Mr. Eklund told him not. And he told him that he wished he would go and have it attended to— get the satisfaction and have it closed up as soon as he could.

Mr. Russell testified that Eklund had presented to him an application in writing for a loan, and that by correspondence he had arranged to have it taken by respondent; that when Eklund brought him the note and mortgage, duly executed, he went to the bank at Moorhead and drew upon the respondent's representative for the amount of the loan, and turned the same over to Eklund upon receipt of the $1,600 note and mortgage. Mr. Russell further testified that he had never had any conversation with appellants about the loan; that the security was perfectly good with the $900 mortgage unsatisfied; that he understood the arrangement to be that Eklund was to get that mortgage satisfied, although he knew nothing about it himself.

Mr. Murphy testified, as appears from his deposition; that in talking over the matter of the loan Eklund had mentioned to him that he could get the money from Mrs. Becker, from which he presumed Eklund was her agent; that he told Eklund at the hospital that Mrs. Becker could pay the old mortgage with the Middlesex Banking Company and send him the papers and balance of the money; and that Eklund replied he would have her do so. One of the letters, of date January 31, written by Russell to respondent's representative at Attica, N. Y., stated the land was worth $8,000:

> The title is all O. K., and abstract will be forwarded as soon as received from the Middlesex Banking Company who now hold mortgage which this is to take up. I have drawn on you through First National Bank for $1,600, etc.

By ordering judgment of dismissal upon the ground that the allegations of the complaint were not sustained by the evidence, the court necessarily found that Eklund was the agent of appellants for the purpose of receiving the $1,600 and satisfying the old mortgage; and, after giving due weight to all the testimony bearing on the question, we are of the opinion that the evidence supports the conclusion of the trial court.

Conceding it to be the general rule that, where a mortgagee turns over the entire amount of the mortgage loan to a broker through whom the loan has been negotiated, the mortgagee thereby constitutes the broker his agent for the purpose of taking up a prior mortgage, such rule does not apply to the facts in this case. The evidence is sufficient

to justify the trial court in finding that Eklund was more than an ordinary broker who applied to appellants for the purpose of negotiating a loan for them.  Mr. Murphy was ill in the hospital, in need of money, opened the negotiations himself by sending for Eklund, stated what he proposed to do and asked for a temporary advance from Eklund of $150, informed Eklund of the nature of his security and the fact of the prior mortgage, expressed a fear that the negotiations would be delayed in getting a satisfaction, and, in general terms, urged Eklund to close the matter up and get him the money as soon as possible  Eklund proceeded to carry out the instructions, and, representing appellants, approached Mr. Russell.  There was a delay in getting the satisfaction of the first mortgage, and it would greatly accommodate appellants if the money could be procured without waiting for that satisfaction to come on.  While, no doubt, Russell expected the first mortgage to be satisfied out of the money which he paid Eklund, the evidence does not conclusively show that he assumed to represent appellants for that purpose and made Eklund his agent to carry it into effect.  The question before the trial court was not whether Russell was the agent of respondent for the purpose of procuring the satisfaction of the first mortgage, and whether he was derelict in duty as between himself and his principal in paying the money over to Eklund without attending to it, but whether appellants could hold respondent responsible, under the circumstances, for paying to their representative, Eklund, the entire amount without satisfying the mortgage.  We think, under all the circumstances, that respondent was justified in dealing with Eklund as the representative of appellants for the purpose of receiving all of the money, and his default cannot be charged to respondent.

Order affirmed.