## MAUD M. RUTHERFORD v. ELIZA MORGAN.[1]

October 21, 1927.

No. 26,292.

**Statute respecting payment of mortgage by mortgagor to mortgagee inapplicable.**

1. Section 8225, G. S. 1923, *held* not applicable where payment is made to a party not the original mortgagee and who is not the owner of the mortgage at the time payment is made, and the mortgagor does not understand that the party to whom payment is made is the owner of the mortgage.

**Finding sustained that payment was made to party not authorized to receive it.**

2. Finding of the trial court, that the party to whom payment was made had no authority from the owner of the mortgage to receive payment so as to bind the owner, *held* sustained by the evidence.

Agency, 2 C. J. p. 956 n. 86; p. 962 n. 19.
Mortgages, 41 C. J. p. 699 n. 24.

Plaintiff appealed from a judgment of the district court for St. Louis county, Magney, J. Affirmed.

*McClearn & Gilbertson,* for appellant.

*Crassweller & Crassweller,* for respondent.

[1]Reported in 215 N. W. 842.

OLSEN, C.

The plaintiff seeks to have a real estate mortgage adjudged paid and to have it satisfied, and appeals from a judgment in favor of the defendant denying the relief sought.

On March 2, 1914, plaintiff mortgaged a tract of land in St. Louis county to the Wisconsin Loan & Trust Company to secure a promissory note for $1,200, payable to said company at its office in Superior, Wisconsin, on or before March 2, 1917. The Wisconsin Loan & Trust Company was engaged in the business of taking mortgages on real estate, loaning money on real estate mortgages, and selling the notes and mortgages to its customers. On April 29, 1914, this company sold and assigned the mortgage in question to one Alice J. Cheney. The Wisconsin Loan & Trust Company now disappears from the scene and is succeeded by The Webb Company. One W. H. Webb was president of the Wisconsin Loan & Trust Company and thereafter president of The Webb Company and appears to have managed each of them, and The Webb Company appears to have taken over the business. All dealings in this matter appear to have been conducted by W. H. Webb for these companies. In February, 1917, Alice J. Cheney extended the time of payment of this mortgage by a renewal agreement with plaintiff for another term of three years, to March 2, 1920. About February 20, 1920, The Webb Company bought back this mortgage and note from Alice J. Cheney and took from her an assignment in blank of the mortgage. In March, 1920, plaintiff made a payment of $300 on the principal of the mortgage to The Webb Company and thereby reduced the mortgage indebtedness to $900, and at the same time entered into a further agreement with The Webb Company, extending the time of payment of this $900 balance for three years, to March 2, 1923. Interest coupon notes for these three years were then made by plaintiff, payable to The Webb Company at its office in Superior, Wisconsin. In August, 1920, The Webb Company sold and assigned the mortgage to this defendant by filling in her name as purchaser in the blank assignment received by it from Alice J. Cheney, and this assignment was then recorded. The note, interest coupons,

mortgage, and abstract of title were then delivered to defendant, and she has ever since had these papers in her possession.

Plaintiff resides at Athens, Ohio, and defendant is stated to be a resident of St. Paul, Minnesota. All business had by plaintiff and defendant with The Webb Company appears to have been done by correspondence. When plaintiff paid interest on the loan, she sent drafts for same to The Webb Company or to W. H. Webb. When interest was due, the defendant sent the coupon note to The Webb Company or to W. H. Webb, and received in return the check of The Webb Company in payment thereof. Plaintiff paid the interest at first to the Wisconsin Loan & Trust Company and thereafter to The Webb Company, and so paid it up to March 2, 1923, except as hereafter noted in reference to the part payments made.

On or about September 12, 1922, plaintiff paid $500 to The Webb Company to apply on the principal of the mortgage debt; on February 17, 1923, she so paid an additional $200; and on December 19, 1923, paid to said company another $200 and some interest, to pay the mortgage in full. The two part payments of $500 and $200 were credited by The Webb Company, at the time they were paid, to the plaintiff on the records of that company. After the payment of $200 and interest on December 19, 1923, and on or about December 31, 1923, the mortgage records of The Webb Company were marked or stamped to show that the mortgage was fully paid and the amount thereof, $900 and interest, credited to defendant. The Webb Company remitted to defendant interest on the $900 for the year 1923, up to March 2, 1924, but did not remit to her any part of the $900 principal of the mortgage or inform her that it had collected the amount of the mortgage, except the statements as to partial payment contained in the two letters hereafter noted. The Webb Company thereafter failed and became insolvent, without paying the $900 to defendant or accounting for it to plaintiff. Plaintiff was not at any time informed by defendant, or by anyone else, that the mortgage had been assigned to defendant. Plaintiff had knowledge of the assignment to Alice J. Cheney, and testified that she did not understand that The Webb Company owned the mort-

gage at the time these payments were made. The Webb Company did not have the note or mortgage or any satisfaction thereof from the defendant. All papers were held by defendant.

The court, trying the case without a jury, found that the payments made to The Webb Company by plaintiff, to pay the principal of this mortgage, were made without notice to or knowledge of the defendant and without any authority from the defendant to receive the same, and that the mortgage had not been paid. These two findings, that The Webb Company had no authority to receive payment and that the mortgage was not paid, are decisive of the case if sustained by the evidence and permitted to stand.

Plaintiff challenges these findings and asks to have them vacated on two grounds: First, plaintiff claims that in making these payments to The Webb Company she was paying the mortgage to the mortgagee, without notice of the assignment to defendant and in good faith, and that under G. S. 1923, § 8225, as construed in our decisions, this paid and discharged the mortgage; second, plaintiff claims that The Webb Company and W. H. Webb were the agents of the defendant, with authority from her to collect the mortgage debt without having the note or mortgage in their possession.

1. The first ground urged needs but brief consideration. The Webb Company, to whom the payments were made, was not the mortgagee. It had held the mortgage and note for a short time under an assignment thereof in blank from a prior assignee, but had transferred the mortgage to defendant by filling in her name in the blank assignment held by it. The plaintiff had knowledge of the assignment of the mortgage by the Wisconsin Loan & Trust Company, the mortgagee, to Alice J. Cheney, and testified that she did not understand that The Webb Company owned the mortgage. She cannot therefore claim that she paid the mortgage to the mortgagee in good faith without notice that the mortgage had been assigned.

2. Upon the second question, there is evidence tending in some degree to show authority in W. H. Webb and The Webb Company to act for defendant. There is evidence that defendant had dealt

with these parties for some years in the way of buying real estate mortgages from them; that they had collected and transmitted to her interest and principal paid on such loans when the notes and papers were sent to them by her; that she had on two occasions directed them to reinvest specified sums so paid to them; and that she had on some occasions written them that she relied on their judgment and would accept specified loans if considered good or safe by them. These communications relate to particular loans other than the mortgage now in question. It further appears that in September, 1923, Mr. Webb wrote a letter to defendant, in which he stated that plaintiff had "paid in $200.00," and said: "We will send you a draft for the $200.00 if you so desire or we will credit it here at interest at 7% until she pays in the balance." In answer to this letter, defendant wrote:

"Yours of the 7th received. I prefer no small payment on the Rutherford mort. I am willing to renew the loan for three years if the parties wish to do so."

Mr. Webb then wrote to defendant as follows:

"Replying to your favor of the 12th inst. Mrs. Rutherford has made partial payment on her loan and as you do not wish to bother with the partial payment [of] or small mortgages, we are arranging with Mrs. Rutherford to give us a new mortgage for the unpaid balance of her loan and as soon as we can get the deal closed up we will be able to clean up the mortgage held by you in full."

This correspondence is consistent with the theory, and rather indicates, that Mr. Webb was acting for plaintiff in the matter. He does not assume to accept the partial payment for defendant, but states it has been "paid in" to him or his company and leaves it to defendant to accept or reject. She does not accept it, and he acquiesces in her nonacceptance and undertakes to make other arrangements with plaintiff.

Then, on the other hand, there is evidence that defendant at all times retained the notes and mortgages in her own hands; that when interest or other payments were to be made she forwarded

the notes and papers to The Webb Company or W. H. Webb before payments were made, and that then payments were collected and remitted to her.

No other or different notice to defendant of any payments made on this mortgage is shown, except the statements in these two letters as to part payment "paid in" to The Webb Company and not accepted by her. And the note and mortgage have not been paid to her at any time.

The evidence in this case to support any finding of authority in W. H. Webb or The Webb Company to receive payment of the note and mortgage, without having the note in their possession, is no stronger than in the cases of Budd v. Broen, 75 Minn. 316, 77 N. W. 979, and Schenk v. Dexter, 77 Minn. 15, 79 N. W. 526.

Under the evidence here, it was a question of fact for the trial court to determine whether or not W. H. Webb and The Webb Company had authority to collect the mortgage; and the findings of the court that they did not have such authority and that the mortgage is not paid are sustained by the evidence.

Both parties here are equally innocent, and in that situation the one holding the lawful written obligation of the other has the superior right.

Other findings of fact are challenged and a number of amended findings were requested, but with these two decisive findings sustained other requested changes in the findings become unimportant and need not be discussed. The conclusions of law by the trial court are supported by the facts found.

Judgment affirmed.