## ELLA MADSEN v. JOHN MILLER.[1]

December 14, 1928.

No. 26,892.

*G. H. Smith* and *E. L. Tong,* for appellant.
*John G. Priebe,* for respondent.

HILTON, J.

Appeal from an order denying defendant's motion for a new trial.

This is an action to restrain the foreclosure of the mortgage described in the complaint and to cancel it of record and set it

[1]Reported in 222 N. W. 581.

aside as null and void, and for the cancelation of the note and coupons secured by said mortgage. Plaintiff was the owner of two dwelling houses in Minneapolis situate upon adjoining lots. She lived in one of the houses; the other, here involved, was new and unoccupied. In securing money to build the new house, plaintiff gave to the Minneapolis Savings & Loan Association a mortgage for $2,500. She was desirous of obtaining a loan for $3,000 with which to pay up the $2,500 mortgage, due and unpaid taxes, a small judgment, the balance due on a furnace, and other small bills. One John A. Lane, an investment broker, real estate and insurance agent in Minneapolis, heard that plaintiff desired a loan. He went to her home, made inquiry, examined the new house and was told by her what she desired to use the proceeds of the new loan for as above indicated.

Lane had secured a number of loans for defendant, Miller, during a period of years, aggregating a considerable amount. He told Miller of plaintiff's prospective loan. Miller went to look at the property, had a talk with plaintiff in which, as she testified, she explained to him what she wanted to use the money for, and he promised her that he would make the loan. On July 2, 1926, at Lane's office, plaintiff signed the note for $3,000 and executed the mortgage. The note was made payable to Miller at Lane's office, and Miller was named as mortgagee. Lane's testimony shows that he attended to the extension of the abstract, examined it, gave an opinion as to the title, drew all the papers, looked after the insurance policy, had the mortgage recorded and on July 12 received $3,000 from Miller and delivered to him the mortgage, note, abstract and insurance policy. He paid the back taxes, the furnace bill, the judgment lien, the mortgage registration and recording fee, and other expense items. Shortly thereafter he gave plaintiff $180.16. This amount was the balance of the $3,000 that would remain after the payment of the above mentioned expenses and the $2,500 mortgage. He did not pay the $2,500 mortgage.

Within a few weeks after the execution of the mortgage, Lane told plaintiff that Miller would not make the loan but that he

(Lane) would take care of it himself and get the money to pay it, and in the meantime would make the necessary monthly payments on the $2,500 mortgage, explaining to her that he had a large sum of money coming with which he could attend to the matter. He did in fact pay the monthly instalments due on that mortgage of $27.50 each, amounting in all to $330. He also told her that she should pay him the interest on the $3,000 loan semi-annually. Early in January, 1927, she paid him the $90 interest item. Plaintiff was a woman of but little education and not much business experience. She earned her living by day work in a laundry. When told by Lane that Miller would not make the loan, she testified that she supposed the $3,000 mortgage and note had been destroyed and did not know to the contrary until long afterward.

The district court found specifically that John A. Lane was for a number of years prior to and up to and including July 2, 1926, engaged as an agent in the making and placing of loans on real estate for numerous investors and clients of which the defendant. was one; that he had acted for upwards of 13 years as such agent for Miller in making such loans; that Lane in this transaction acted as the agent of Miller; that there was no default by the plaintiff in the conditions of the mortgage and that any foreclosure thereon would be unauthorized and void except as to the sum of $831.65, the amount paid out by Lane.

The court ordered judgment permanently enjoining and restraining the foreclosure for any other or greater sum than $831.65, the amount really paid by Lane for plaintiff's benefit. The order further provided that if the defendant, Miller, should elect, by giving 30 days' notice to plaintiff of his election, within 40 days after the entry of judgment, plaintiff should be required to pay the defendant $831.65 and interest and that thereupon defendant should turn over to plaintiff the note and cancel, satisfy and discharge the same and said mortgage.

Assignments of error are to the effect that the findings and decision of the court are not justified by the evidence and are against the weight thereof. The main question therefore is: Does the evi-

dence sustain the findings? We are of the opinion that it does. Many of the facts are not in dispute; as to others the evidence is conflicting. There was a sharp conflict between the testimony given by plaintiff and that given by defendant as to certain important features of the case. The trial court could have believed either one. The plaintiff's testimony is however quite strongly supported by surrounding circumstances.

The finding of the court that Lane was the agent of Miller determines this case. Not all of the activities engaged in by Lane in the transaction were necessary to show such agency; a part of them were sufficient for that purpose. The loss occasioned by the failure of Lane properly to disburse the money turned over to him by his principal in payment of the $2,500 mortgage falls upon the mortgagee. The portion of the $3,000 which was placed in Lane's hands by Miller and used for plaintiff's benefit is her obligation and is secured by the mortgage; she is relieved from the balance. The court's order in that regard was correct.

The contention that plaintiff is estopped from attacking the validity of the mortgage because she paid interest on the same with the knowledge that the prior mortgage was not paid is without merit. The situation as disclosed by the evidence forbids such a conclusion. The concealment of vital facts by Lane and his misrepresentations to plaintiff prevent such estoppel. Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439, and cases cited; 2 Dunnell, Minn. Dig. (2 ed.) § 3193; 21 C. J. 1125; 10 R. C. L. 695.

Order affirmed.