## DOROTHEA ANDERSON v. MINNIE GOETZE.[1]

February 8, 1929.

No. 27,095.

*Thompson, Hessian & Fletcher* and *Carleton F. Boeke,* for appellant.

*G. H. Smith* and *E. L. Tong,* for respondent.

STONE, J.

In this action to restrain the foreclosure of a real estate mortgage, after an adverse decision plaintiff moved for amended findings and in the alternative for a new trial. The motion having been denied, plaintiff appeals from the judgment.

January 16, 1914, the then owner, Hokanson, mortgaged the Minneapolis residence property in question to defendant for $1,200. The mortgage was negotiated through John A. Lane, a real estate and loan broker now bankrupt. April 15, 1916, Hokanson conveyed the property to plaintiff subject to the mortgage. Interest instalments as they accrued were paid to Lane, who in turn re-

[1]Reported in 223 N. W. 459.

mitted them to defendant. There was a renewal of the mortgage in 1917 and another January 16, 1920. On that date plaintiff paid interest then due and also $100 in supposed reduction of the principal. Since then she has paid to Lane the remainder of the principal, but he has converted all of it to his own use. Defendant has never received any of the payments except those for interest. The issue is whether Lane was authorized to collect the principal for defendant or, in default of such authority, whether defendant has in any way estopped herself from denying its possession by Lane. Express authority in Lane is not claimed. At no time did he have in his possession for collection or otherwise the note. Neither did he have the mortgage. Plaintiff is inexperienced in business affairs and explicitly testified that she "relied entirely on" Lane; that she does not "understand business," but had entire confidence in Lane.

In view of our recent decision of the similar case of Johnson v. Howe, 176 Minn. 287, 223 N. W. 148, we need refer only to the special features of this case which are depended upon in argument for a reversal. The loan was last extended January 16, 1920, by a written agreement signed by both plaintiff and defendant. The parties did not meet then or at any other time, the business being transacted through Lane. At his office plaintiff signed the extension agreement at one time and defendant at another. As originally written, it recited that defendant was the "owner and holder of a certain promissory note for Twelve hundred and No/100 Dollars." The amount was stated in typewriting, but the word "twelve" has been erased and "eleven" written over it. It is argued for plaintiff that if defendant had knowingly signed this agreement as it now reads, indicating as it does that her $1,200 loan had been reduced to $1,100, she could not now question the authority of Lane to have collected the $100 which resulted in the supposed new principal of $1,100, and therefore might be considered as having held Lane out as her agent with authority to make collections on account of principal. But there is no evidence that defendant signed the agreement as it now reads. She denies that she did so, and the circumstances support her. Lane was engaged in fraud, and it was rea-

sonable to infer (and this is a stated basis of the decision below) that he presented the instrument to defendant for signature *before* the change of "twelve" to "eleven" had been made, and to plaintiff for her signature *after* such change. There is so much in the evidence to sustain this view on the facts that we do not feel at liberty to disturb the result.

It is the law as argued for appellant that an erasure and alteration of the kind here in question, in the absence of evidence to the contrary, will be presumed to have been made prior to the delivery of the note, Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238, and that the burden of proof that such an alteration was made after delivery is upon the party asserting it. Boston Block Co. v. Buffington, 39 Minn. 385, 40 N. W. 361; Schlesinger v. Erickson, 167 Minn. 507, 209 N. W. 632. The denial by defendant that she signed the extension agreement after the alteration was made, however indecisive it might be standing alone, is sufficient because of the support given it by the fact that Lane was engaged in a fraud and very likely would not have run the hazard of presenting to defendant a document which upon examination would have convicted him of embezzling the $100 paid by plaintiff to reduce the principal of the loan from $1,200 to $1,100. Because of the support that inference has, the finding of the trial judge on this precise issue cannot be disturbed.

■ A final argument for plaintiff is that the extension agreement was the primary evidence of the debt, and that Lane, having possession of it, was as to plaintiff possessed of apparent authority to collect. We cannot agree. The extension agreement on its face is an amendment of the original note to the extent that it postpones its maturity. In addition, it reasserts the obligation to pay and imposes it upon plaintiff. Notwithstanding, the extension agreement refers to the extension of the note and expresses the agreement of plaintiff "to pay the said principal note." While the extension agreement was literally a new contract, which is the result whenever an outstanding contract is amended, however slightly, by a new

agreement, yet the original note remained with the amendment as the primary expression of the obligation to pay. The extension agreement did not supersede it in that capacity. We cannot hold that the latter so far supplanted or merged the promissory note as the primary evidence of debt that its possession by a supposed agent will alone be evidence of authority from the creditor to make collection.

Judgment affirmed.