HERBERT P. McCART v. JOHN SCHREIBER.[1]

March 1, 1929.

No. 27,042.

G. H. Smith and E. L. Tong, for appellant.
Carmichiel & Evans, for respondent.

STONE, J.

Action by mortgagor against mortgagee to vacate a real estate mortgage and the foreclosure thereof by advertisement. Failing in his motion for an amendment of adverse findings or a new trial, defendant appeals.

This is another case (see Johnson v. Howe, 176 Minn. 287, 223 N. W. 148, and also Anderson v. Goetze, 176 Minn. 399, 223 N. W. 459) wherein the mortgagor made payment of the principal to John A. Lane, a loan broker now insolvent, only to find that the mortgagee denied Lane's authority to collect. The decision below was

[1]Reported in 223 N. W. 779.

for plaintiff on the ground, not of express or even apparent authority, but solely because it was considered that Lane had "implied actual authority" to make the disputed collection as agent for defendant. The loan in question was negotiated in 1923 through Lane as agent for defendant. The indebtedness, principal and interest, was made payable at Lane's office, but the note and mortgage were by him delivered to defendant soon after the loan was made and have never been out of his possession. The loan matured May 7, 1926, and plaintiff paid to Lane May 10, 1926, the principal of $1,050 and the accrued interest of `$31.50.

The finding of actual authority in Lane to make the collection for defendant depends upon the evidence of a long course of dealing between them. Lane had negotiated many loans for defendant and on occasion had collected the principal of such loans and reinvested the money instead of paying it to defendant. Lane always collected the interest, apparently without much regard to the existence of express authority arising from his possession of coupon notes or anything in the way of written power to collect. He simply made the collections, and as long as proper accounting was made defendant made no question on the ground of authority. There had been enough of this sort of thing so that, without going into detail, we find ourselves unable to disturb the decision on the controlling question of fact. The evidence is reasonably open to the inference that in his dealing with Lane defendant was interested in income and was satisfied as long as Lane kept his money invested and earning interest. It is contradicted, but nevertheless there is evidence that Lane attended to all of the details in negotiating loans, approved the security and made the collections, either of principal or interest, as they were tendered.

As the learned trial judge put it, both parties "were unsophisticated farmers. They assumed that Lane was honest and trusted him. I am persuaded that it was just as far from defendant's thought as from plaintiff's that he (Lane) needed to have in his hands the loan papers or a satisfaction in order to authorize him to collect the principal when due." There is so much in support of the

conclusion that defendant intended Lane to collect the principal of his loans for him that the case on its facts is within the rule of Springfield Sav. Bank v. Kjaer, 82 Minn. 180, 84 N. W. 752. That decision cites and distinguishes most if not all of the so-called Kelley cases—in many of which the decision was that the defaulting agent did not have authority to collect. See also Rutherford v. Morgan, 172 Minn. 433, 215 N. W. 842, where the finding on the facts was against such authority. In this case the finding is the other way, and we consider it so far supported by evidence that it cannot be disturbed.

Order affirmed.