# M. ADDIE SONNER AND ANOTHER v. HERMAN GOETZE AND ANOTHER.[1]

April 5, 1929.

No. 27,103.

G. H. Smith and E. L. Tong, for appellants.
William E. MacGregor, for respondents.

DIBELL, J.

Action to cancel a note and mortgage made by the plaintiffs to the defendants upon the ground that it was never delivered. There were findings for the plaintiffs. The defendants appeal from the order denying their motion for a new trial.

[1]Reported in 224 N. W. 697.

■ On April 1, 1927, the plaintiff M. Addie Sonner was the owner of a lot in Minneapolis subject to a mortgage to one Burrill, upon which there was $2,500 due. P. J. Sonner was her husband. One John A. Lane had attended to the property of the plaintiffs and had advanced money in payments on the mortgage and matters incidental thereto. In the early part of 1927 the advances amounted to something in excess of $400. Payment of the mortgage was being pressed. Lane wanted his advances. On March 19, 1927, he wrote to Sonner, who lived in Kansas, suggesting that he get a loan of $3,000 to take up the Burrill mortgage. On March 29 Sonner answered assenting. Lane then went to the defendants. They authorized him to collect $2,589.17 then due on a mortgage owing them, and gave him the mortgage and their check for $500, the two to be applied in closing the $3,000 loan. This was on April 2. The loan was not to be closed nor the money paid until the title was examined and everything was found satisfactory. The mortgage was to be dated April 4.

Lane procured the mortgage from the plaintiffs bearing date April 4, 1927. He returned it on April 23, 1927, because it was not witnessed. The plaintiffs supplied the omission, and the mortgage was returned and was recorded on May 9, 1927. Lane did not pay the $3,000 to the plaintiffs or use it as he should have done in satisfying the Burrill mortgage. The trial court found that Lane converted it to his own use and, at the time of the conversion, was holding the money for the defendants.

Lane was a broker. He had for many years represented the defendants and had made, for one or both of them, 25 or 30 loans. He had their confidence. They gave him money and he attended to closing the deals, including the looking after insurance, examining abstracts and the like. He was not to pay the money on the loan until the papers were all right. The time when they became all right was a date later than April 23, when he sent them to Kansas for correction.

Whether a broker is the agent of one or the other party to a transaction frequently is a question of difficulty. It may be ap-

proached from different viewpoints. See Larson v. Lombard Inv. Co. 51 Minn. 141, 53 N. W. 179; Dart v. Minnesota L. & T. Co. 74 Minn. 426, 77 N. W. 288; Madsen v. Miller, 176 Minn. 55, 222 N. W. 581. It may involve, as we think it does here, a question of fact. There was evidence sufficient to justify the trial court in concluding that Lane was holding the defendants' money; that he never held it as the money of the plaintiffs; that he converted it before he received the papers from the plaintiffs and while holding it for defendants, pending the closing of the deal; and that the money converted was the defendants' money. The facts being so found, the plaintiffs should have judgment canceling the mortgage.

■ Lane advanced to the plaintiffs of his own funds several hundred dollars in the payment of interest on the Burrill mortgage and insurance and taxes on the property mortgaged. This was prior to the execution of the $3,000 mortgage. The defendants now urge that the $3,000 mortgage be held a lien in their favor to the amount which Lane paid on the Burrill mortgage. This claim was not an issue at the trial. There was no effort to obtain such relief. There is no finding. Lane is not a party. The plaintiffs must sometime, pay the advances. If the $3,000 loan had been completed Lane would have paid the Burrill mortgage and would have taken for himself from the $3,000 received from the defendants the amount of his advances. Whether with the proper parties before it the court could consider Lane as having paid the advances out of the $3,000 which he converted to the extent that they lessened the Burrill mortgage and benefited the plaintiffs, and adjudge the mortgage a lien to that extent, cannot be determined upon this record. And there may be conflicting rights which we do not see. We do not suggest that the defendants under any circumstances have an enforceable equity.

Order affirmed.