## LOUIS WITTLES v. EMMA D. HOWE AND ANOTHER.[1]

April 5, 1929.

No. 27,181.

[1]Reported in 224 N. W. 696.

120

G. H. *Smith* and E. L. *Tong,* for appellant.
Ell M. *Roston,* for respondent.

STONE, J.

In this action to cancel a mortgage and enjoin its foreclosure, defendant Emma D. Howe appeals from the order denying her motion for amended findings or a new trial. Earle Brown is joined as a defendant because as sheriff of Hennepin county he conducted an attempted foreclosure of the mortgage. The appellant Howe will be referred to for convenience as though she were the only defendant.

■ Plaintiff's ownership and therefore his right to sue are put in issue by the pleadings. There is no direct proof of his ownership. The record in that respect, from plaintiff's standpoint, is inexcusably deficient. But the record does not leave in doubt that the case was tried upon the assumption by all concerned of plaintiff's ownership of the mortgaged premises. No question was made of it at the trial, and even in her motion for amended findings defendant herself asks for one establishing the conveyance of the property from the mortgagors to plaintiff. It is therefore too late for defendant on this appeal to raise for the first time the question of plaintiff's ownership and consequent right to sue.

■ The decision for plaintiff rests upon a finding that John A. Lane, a mortgage loan broker, had actual authority from defendant to collect the mortgage debt subject to which plaintiff took his conveyance. Plaintiff did pay the money to Lane supposing him to be defendant's agent. Lane kept the money. (For other cases involving similar transactions in which Lane has figured, see Madsen v. Miller, 176 Minn. 55, 222 N. W. 581; Johnson v. Howe, 176 Minn. 287, 223 N. W. 148; Anderson v. Goetze, 176 Minn. 399, 223 N. W. 459; McCart v. Schreiber, 176 Minn. 496, 223 N. W. 779.) The only authority claimed or found is actual authority. There is testimony by Lane concerning particular transactions, indicating a long course of dealing with defendant and her husband; that it was quite his

custom to collect the principal of their loans without express authority and without having "the papers," mortgage or note, in his possession; that after such collections he would ascertain from the Howes whether they "wanted to replace" the loans he had collected; and that in all such cases they would later bring him the papers and furnish a satisfaction. He says he "might report the collection before going to get the papers. * * * Where people would come in to pay money and I didn't have the papers there—I would give them a receipt for the money and then get them a satisfaction later." There is enough of this sort of testimony to support the finding of Lane's actual authority to collect the principal of mortgage loans due defendant, irrespective of his actual possession of mortgage, note, a satisfaction, or written authority to collect. There is ample ground for the conclusion that during many years and as to a great deal of money collected by Lane on many loans for defendant and her husband, they never considered it of any moment whether he had in hand the mortgage papers or a satisfaction when making a collection.

Order affirmed.