CASPER B. DANIELSON AND ANOTHER v. A. F. TESSMAN
AND ANOTHER.[1]

November 29, 1929.

No. 27,478.

[1]Reported in 227 N. W. 852.

G. H. *Smith* and E. L. *Tong,* for appellant.
*William E. MacGregor* and *Bessesen & Bessesen,* for respondents.

HOLT, J.

Appeal by defendant Tessman from the order denying his motion for a new trial.

Plaintiffs were the owners of a lot and apartment building thereon in Minneapolis, subject to a $2,500 mortgage held by one Towne, a nonresident, represented by John A. Lane, who for many years had carried on the business of a loan broker in the city, loaning money for others on real estate security. Lane had also during that time loaned money for Tessman upon first mortgages. In December, 1924, Lane informed Tessman that two of his mortgages, aggregating $4,400, due about the first of the year, would be paid, but that plaintiffs had applied for a $4,500 loan. Tessman gave an assignment in blank of the two mortgages and left the same with Lane. On January 5, 1925, plaintiffs executed their note and mortgage for $4,500, Tessman being the payee and mortgagee. Lane examined

the title for Tessman and recorded the mortgage. He delivered an assignment of the two Tessman mortgages mentioned to another party and obtained $4,400. A few days later plaintiffs received from Lane the balance of the loan from Tessman after deducting enough to pay off the first mortgage to Towne. Lane never paid the Towne mortgage, and neither plaintiffs nor Tessman discovered this until Lane's many defalcations were revealed in the summer of 1927. Soon thereafter this action was begun by plaintiffs for equitable relief, basing the same on the proposition that Lane was the agent of Tessman in disbursing the $4,500 loan, and therefore his failure to pay and procure satisfaction of the Towne mortgage is chargeable to Tessman.

The pivotal findings of fact here assailed as not supported by the evidence are the second and the sixth. They read:

"2. That during all the times mentioned in the complaint defendant John A. Lane was acting as the agent, servant and broker of defendant Tessman in procuring for said Tessman loans secured by mortgages, collecting the interest, and carrying on such transactions in the conduct of the business for the said Tessman as might be pertinent and incident thereto, and particularly with reference to the mortgage of $4,500 described in the complaint."

"6. That said defendant Lane as agent for the said defendant Tessman caused said $4,500 mortgage to be filed as above set forth, and failed, neglected and refused to satisfy and pay off the $2,500 mortgage as above mentioned; that said $2,500 first mortgage above mentioned now appears as a lien against the premises above described; that plaintiffs have not received full consideration for the said $4,500 note and mortgage above set forth; that the said $2,500 mortgage as above mentioned has not been paid, and the interest thereon for the past year is now unpaid and overdue."

As a conclusion of law the court found that plaintiffs were entitled to a satisfaction from Tessman of the $4,500 mortgage upon payment to him of $2,000; or, in case he refused to accept that sum and give satisfaction, that plaintiffs have credit upon the $4,500 note and mortgage in the sum of $2,500.

The fourth finding was not challenged except that the court was asked to strike therefrom the words "acting as the agent of said defendant Tessman." The finding was that Lane, acting as the agent of Tessman, falsely and fraudulently represented to plaintiffs that he would on Tessman's behalf withhold the sum of $2,500 from the new loan and therewith pay off and procure satisfaction of the Towne mortgage. Appellant also assigns error upon the refusal to substitute a proposed finding in lieu of the sixth finding above set out. The proposed finding of course was entirely at variance with the finding made.

The order must be affirmed if the evidence supports the above findings, to the effect that in disbursing the $4,500 loan Lane was appellant's agent and as such agreed for him to discharge the Towne mortgage out of the proceeds. The court could accept the plaintiffs' testimony as true that Tessman admitted to them that Lane was his agent. But aside from that, we are of the opinion that the evidence is stronger in this case than in any of the previous cases reviewed here in which findings have been upheld against the mortgagee in which John A. Lane figured as the agent. Madsen v. Miller, 176 Minn. 55, 222 N. W. 581; McCart v. Schreiber, 176 Minn. 496, 223 N. W. 779; Wittles v. Howe, 177 Minn. 119, 224 N. W. 696; Sonner v. Goetze, 177 Minn. 108, 224 N. W. 697.

Appellant in the oral argument contended that plaintiffs are estopped by the covenant in the $4,500 mortgage that the premises were free from encumbrances to assert the existence of the prior Towne mortgage. According to the findings there is no basis for estoppel. It is undisputed that in examining the title to plaintiffs' property, when they got the $4,500 loan, Lane acted as the agent of appellant. Lane had actual knowledge of the Towne mortgage. The abstract examined and then given appellant showed it. With actual as well as constructive knowledge on the part of both appellant and his agent Lane of the Towne mortgage, there can be no estoppel predicated upon the covenant against encumbrances in the $4,500 mortgage.

Appellant also urges that since respondents intrusted Lane with their note and mortgage, thus putting in his hands the instruments

by which the $4,500 was obtained, he was as to that part of the transaction their agent and in that capacity enabled to carry out the wrongful appropriation; therefore, when a loss must fall upon one of two innocent parties, the one should bear it whose act or fault gave the wrongdoer the opportunity to cause the loss. Upon the findings and the evidence the principle invoked is inapplicable. As agent for appellant Lane collected from him the proceeds of the two mortgages assigned and was intrusted by appellant with devoting the same to the loan to respondents so that it would be secured by a first mortgage. This could only be done by paying and obtaining satisfaction of the Towne mortgage. A few days after respondents had signed the $4,500 note and mortgage they received from Lane the proceeds of the loan less the amount required to pay the Towne mortgage. Having found that Lane was the agent of appellant, the court rightly applied this principle, stated but found inapplicable, in Murphy v. Becker, 101 Minn. 329, 332, 112 N. W. 264, 265:

"Where a mortgagee turns over the entire amount of the mortgage loan to a broker through whom the loan has been negotiated, the mortgagee thereby constitutes the broker his agent for the purpose of taking up a prior mortgage."

To the same effect see Dwight v. Lenz, 75 Minn. 78, 77 N. W. 546. The evidence here presented a situation somewhat similar to that which in Larson v. Lombard Inv. Co. 51 Minn. 141, 53 N. W. 179, was considered as not precluding the plaintiff therein from obtaining relief because she had placed in the hands of the agents who negotiated the loan and who were also the agents of the lender the note and mortgage by means of which the agents were enabled to obtain and misappropriate the proceeds of the loan. That case goes far to justify the second and sixth findings of agency first above set out. And so does Gerdes v. Burnham, 78 Minn. 511, 81 N. W. 516.

Atlantic Life Ins. Co. v. Rowland (C. C. A.) 22 F. (2d) 126, cited by appellant, was decided upon facts quite different from those here

involved. Rand v. Perkins, 74 Minn. 16, 76 N. W. 950; Dwight v. Lenz, 75 Minn. 78, 77 N. W. 546; Budd v. Broen, 75 Minn. 316, 77 N. W. 979, relied on by appellant, were cases where the mortgagor or his grantee had paid the mortgage to the agent who had negotiated the loan and who in that transaction represented the mortgagee, but who had no actual authority to collect payment nor had the note or mortgage upon which payments were made in his possession when so made, and this court held that the evidence did not sustain the findings that the one receiving the payment was the agent of the mortgagee.

The order is affirmed.

