KATE M. FARNHAM v. MORRIS GOLDBERG AND ANOTHER.[1]

December 13, 1929.

No. 27,421.

*Schwartz & Halpern,* for appellants.
*Keyes, Pardee & Solether,* for respondent.

STONE, J.

Defendants, the mortgagors, appeal from a judgment for the foreclosure of a real estate mortgage. The only issue is whether they are entitled to credit on the mortgage indebtedness for $700 which they paid to John A. Lane (a mortgage loan broker now bankrupt—for other cases involving him, see McCart v. Schreiber, 176 Minn. 496, 223 N. W. 779) supposing him to have authority from plaintiff as mortgagee to collect or accept payment of the money.

The mortgage and note were executed and became effective August 15, 1923. The $2,500 loan matured five years from date, but with the obligation on defendants as the debtors to make payments of $100 on the principal every six months. The loan was negotiated by Lane and the note made payable at his office. That was not enough to give him authority to collect for plaintiff. State v.

[1] Reported in 228 N. W. 166.

Lawrence, 130 Minn. 10, 153 N. W. 123, and cases cited. The additional evidence upon which defendants rely is, shortly stated, plaintiff's testimonial admissions that she had great confidence in Lane; that she put the money in his hands for investment; that she called at his office for payments as they became due; that she felt that any money payable or paid to Lane would reach her hands; that "whatever he did at that time" in the premises "was all right" with her; and that if money was paid to him she was willing to accept his check payable to her. On the other side, it appears that after the note and mortgage were executed plaintiff took them into her possession and has kept them ever since. She denies giving Lane or anyone else authority to collect for her. She is inexperienced in business affairs, the mortgage loan here involved being the only one with which she has had personal contact. Her testimony is open to the inference that, while she was ignorant of just how it would come about, she supposed simply that the mortgagors would see to it that she got her money as it was due and that it would come to her through Lane.

An unusual complication comes from the fact that plaintiff was ignorant of the prepayment provisions entitling her to semi-annual payments on principal. She did know that she was to have her interest every six months. The seven payments in question, both principal and interest, were made to Lane. He promptly gave plaintiff her interest but kept the principal, appropriating it to his own use. Defendants were equally ignorant and in consequence equally negligent. Defendant Morris Goldberg (his codefendant being his wife) testified:

"I didn't know anything about Miss Farnham [plaintiff]. That [Lane's office] is the place I got it, and that is the place I paid. I thought Lane paid me the money, and I thought I paid Mr. Lane. I didn't know anything about it. He gave me the money, and I thought I was to pay him."

Plaintiff's ignorance of the fact that the instalments of principal were being paid to Lane and the testimony of Goldberg negativing the idea that his continued payments of principal were made in

reliance upon anything done or permitted to be done by plaintiff, there is no room for an estoppel. In principle the case is similar to and controlled by Rutherford v. Morgan, 172 Minn. 433, 215 N. W. 842. Here, as there, the parties were equally innocent, a situation where the one holding the lawful written obligation of the other has the superior right. That was the view taken of the case below; and, the facts being found as they are, we concur.

Judgment affirmed.