## DAVID BERGER v. KASPAR KNOBEL AND ANOTHER.[1]

*January 10, 1930.*

*No. 27,568.*

*G. H. Smith* and *E. L. Tong,* for appellant.
*David London,* for respondent.

DIBELL, J.

Action to cancel a mortgage. There were findings for the plaintiff, and the defendant Knobel appeals from the order denying his motion for a new trial.

[1]Reported in 228 N. W. 559.

This is one of the Lane cases. Others are: Madsen v. Miller, 176 Minn. 55, 222 N. W. 581; Johnson v. Howe, 176 Minn. 287, 223 N. W. 148; Anderson v. Goetze, 176 Minn. 399, 223 N. W. 459; McCart v. Schreiber, 176 Minn. 496, 223 N. W. 779; Sonner v. Goetze, 177 Minn. 108, 224 N. W. 697; Wittles v. Howe, 177 Minn. 119, 224 N. W. 696; Farnham v. Goldberg, 178 Minn. 613, 228 N. W. 166; Farnham v. Knobel, 179 Minn. 83, 228 N. W. 346. The facts have varied from case to case, and there have been different results.

In October, 1925, the plaintiff, Berger, was the equitable owner of a lot in Minneapolis, which he had purchased partly on time. He owed something over $345 on the purchase price. He was in possession. There was a mortgage of something over $800 prior to his title. This mortgage was held in the office of the defendant Lane, a real estate broker, and the plaintiff paid interest there. Berger suggested to Lane that he have a loan for $1,300 so that the two debts on his property "shall be in one place; shall be one mortgage." Lane interviewed Knobel and he agreed to make a loan. He gave Lane his check for $1,300, and Lane deposited it in his own account. He paid the $345 and expenses and incidentals and obtained a deed from the fee owner to Berger. He did not pay the mortgage. Instead he used the money which should have paid it. The question is whether he was the agent of Berger or of Knobel. The court found that he was the agent of the latter and therefore that the plaintiff was entitled to relief.

Cases of this kind usually involve difficulty. The difficulty is greater here because of the inability of Berger and Knobel to understand the transaction well or to express themselves clearly. Lane understands and so far as we know answers straightforwardly, but he had many transactions and cannot give the details of this one from memory.

Lane, as before stated, paid the amount necessary to secure the deed to Berger. He did not pay the prior mortgage. He recorded the mortgage from Berger to Knobel and received payments of interest from Berger for some two years. He attended to all the details. Knobel did not look at the property nor see Berger until Lane's troubles commenced in 1927. Before this Lane had made

two loans for Knobel and had cared for the details. The note was payable at the office of Lane in Minneapolis. Everything went well until Lane became unable to continue the payments which his course of dealing required.

The plaintiff and the defendant are equally innocent of wrong. The one whose agent Lane was must suffer. The evidence recited sustains the finding that Lane when he appropriated the money was the agent of the defendant, and he must bear the loss. He should not lose what Lane paid to Berger's vendor in getting in the legal title, and the judgment protects him.

Order affirmed.